UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORLANDO JACKSON,<br><br>              Plaintiff,<br><br>    v.<br><br>OFFICER SCARPATI, *et al.,*<br>              Defendants. | 3:14-cv-00415-RCJ-VPC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

      This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#11). Plaintiff opposed (#16), and defendants replied (#19). Also before the court is plaintiff's motion to file an amended complaint (#18), which defendants opposed (#22) and to which plaintiff replied (#26). Because the motions are related, as discussed herein, the court considers them together. For the following reasons, the court recommends that the motion to dismiss be granted and denied in part, and the motion to amend be granted.

      **I.**     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      Orlando Jackson ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Presently, plaintiff is incarcerated at Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada. On August 8, 2014, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (#1). The court entered a screening order on October 28, 2014 (#3), by which plaintiff is permitted to proceed on counts I, II, and III, each of which alleges violations of plaintiff's Eighth Amendment rights, against Officers Scarpati and Harris of the North Las Vegas Police Department ("NLVPD").[1]

---

[1] Plaintiff corrects the names of defendants in his amended complaint (*see* #18-1 at 2), and the court states those names here.

Defendants filed a motion to dismiss on December 23, 2014 (#11).  They argued that the complaint has several deficiencies and is unclear about the identity of one of the officer defendants.  Prior to this court recommending a disposition, plaintiff filed a motion for leave to amend his complaint (#18), in which he clarified the names of the individual defendants and also added claims against the NLVPD and the City of North Las Vegas ("the City").  (#18-1 at 2.)

## II.   MOTION TO AMEND

### A.   Standard

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires."  However, the ability to amend is not without limits.  Federal courts balance five factors when considering a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint.  *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014).  The factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives greatest weight.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment.  *Id*. (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature and its effect of requiring an entirely new course of defense.  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Alone, such alteration is not fatal.  *Id*.  In contrast, futility "alone can justify the denial of a motion for leave to amend."  *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003).  Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc.*, 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

**B.    Analysis**

Plaintiff moves to amend to cure alleged deficiencies in his complaint. (#18 at 2-3.) As defendants observe, the amended complaint contains no substantive differences other than correction of the officers' names and addition of the government defendants. (#22 at 2.) Nevertheless, defendants oppose on the basis that plaintiff may not sue the government defendants, which the court construes as an argument of futility under the relevant *Desertrain* factor.

The court recommends that the motion to amend be granted because the *Desertrain* factors weigh in plaintiff's favor. First, rather than bad faith, the record demonstrates that plaintiff is acting in good faith to amend his complaint to satisfy defendants' uncertainty as to the officer defendants' identities, and also correct purported deficiencies in the original complaint. Second, plaintiff moved to amend only days after his period for amending as a matter of course under Rule 15(a) expired. Thus, plaintiff did not delay in seeking amendment. Third, defendants are not prejudiced by the amendment, as it merely clarifies their identities and seeks to bring in the ostensibly proper parties. Because defendants bear the burden of demonstrating prejudice but offer no arguments regarding this factor, there is a presumption in favor of permitting amendment. *Eminence Capital, LLC*, 316 F.3d at 1052.

Fourth, to the extent that the amendment is futile because of the party additions, the court will address that issue separately in the following section regarding dismissal; amendment here is proper to correct the names of the officer defendants, and considerations of judicial economy favor allowing amendment but dismissing the government defendants, if warranted. Finally, plaintiff has not yet amended, which also weighs in his favor. In sum, the five *Desertrain* factors each weigh in his favor, and, therefore, the court concludes that amendment is proper.

### III.    MOTION TO DISMISS

The court now considers the arguments raised in favor of dismissal (#18) with respect to the amended complaint (#18-1). Because the original and amended complaints are nearly identical, the court believes efficiency favors considering these arguments as to the amended complaint, rather than deeming them moot and requiring defendants to move for dismissal a

3

second time. For the following reasons, the court recommends that the motion be granted and denied in part.

**A.    Standard**

The court dismisses a complaint under Federal Rule of Civil Procedure 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted. When analyzing a motion under Rule 12(b)(6), courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679. The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a pro se party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). The complaint need not contain detailed factual allegations under the pleading requirements of Rule 8(a), but it must offer more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

A motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels–Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). Where the "defense raises no disputed issues of fact[,]" in contrast, the court may not grant dismissal. *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984).

**B.    Analysis**

Defendants present two arguments for dismissal. They initially argued that plaintiff had failed to invoke Nevada's statutory sovereign immunity waiver (#18 at 2-3), but they subsequently withdrew the argument upon plaintiff's clarification that his claims arose as civil rights claims under 42 U.S.C. § 1983 and not Nevada tort law. Thus, they no longer move for dismissal on this basis and the court does not consider the argument.[2] (*See* #19 at 2, #22 at 2.)

---

[2] The court briefly notes, however, that the argument would have failed. First, state and municipal officers who sued in their individual capacities in Nevada are proper defendants in § 1983 actions, and for that reason, plaintiffs need not invoke the statutory sovereign immunity

Accordingly, defendants first argue that plaintiff "has not shown that he exhausted his administrative remedies" as required by Nevada Revised Statute ("NRS") 41.0322. (*Id.* at 3-4.) Second, in their opposition to the motion to amend, defendants argue neither the City nor the NLVPD is a proper defendant. (#22 at 2.) Having recommended amendment to correct the officers' names, the court here considers the argument as one for dismissal for failure to state a claim. (#22 at 2.) The court considers each argument in turn.

**1.    Failure to Exhaust**

Defendants first argue that plaintiff has not demonstrated that he exhausted his administrative remedies prior to filing suit, as required by NRS 41.0322. The argument is unavailing for two reasons. First, NRS 41.0322's administrative exhaustion remedy is a procedural requirement for suits brought in Nevada *state* court. As such, it has no application here. In federal court, it is the Prison Litigation Reform Act ("PLRA"), rather than state law, that requires exhaustion of administrative remedies prior to filing a prisoner civil rights case. *Finley v. Skolnik*, No. 2:10-cv-01782-JCM-VCF, 2013 WL 4045933, at *2 (D. Nev. Aug. 8, 2013) ("NRS 41.0322 does not apply to federal claims. Plaintiff's federal claims are controlled by the Prison Litigation Reform Act . . . ."); *see also Wisenbaker v. Farwell*, 341 F. Supp. 2d 1160, 1168-69 (D. Nev. 2004).

Second, even when the court construes the argument as one under the PLRA, exhaustion provides no ground for dismissal at this juncture. Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is

---

waiver for the individual-capacity claims to proceed. *See Hafer v. Melo*, 502 U.S. 21, 25-28 (1991) (holding that individual capacity defendants do not enjoy their government employer's sovereign immunity from suits under § 1983); *Ex Parte Young*, 209 U.S. 123 (1908) (holding that government officials may be sued in their individual capacities, notwithstanding Eleventh Amendment Immunity). In addition, as explained in this opinion, municipalities do not enjoy sovereign immunity from suit, *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 690 (1978); *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Thus, there is no sovereign immunity upon which any of the parties in this suit could rely in federal court, such that plaintiff would need to comply with NRS 41.0337.

5

mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Failure to exhaust is an affirmative defense, and the defendants, not plaintiff, bear the burden of proof. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Within the Ninth Circuit, the proper vehicle for raising exhaustion is no longer a motion to dismiss, unless exhaustion—which need not be pled—is plain on the face of the complaint. *Albino v. Baca*, 747 F.3d 1162, 1168-69 (9th Cir. 2014). Otherwise, defendants move for summary judgment on the basis of exhaustion, which "should be decided, if feasible, before reaching the merits of a prisoner's claims." *Id*. at 1169-70.

Accordingly, the court recommends that the motion to dismiss for failure to exhaust be denied. Plaintiff need not plead exhaustion to proceed with a § 1983 claim in federal court. Moreover, plaintiff's complaint does not make it plain that he has failed to exhaust, for he states that he attempted to grieve these issues and various officials prevented him from doing so. (#18-1 at 10.) Even where a plaintiff concedes that he has not exhausted all available remedies, circumstances may excuse his failure to exhaust. *See, e.g.*, *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010). Because defendants bear the burden of proof on exhaustion, and because their motion to dismiss is unsupported by sufficient evidence to establish beyond dispute that plaintiff did not exhaust, their argument necessarily fails. *Jones*, 549 U.S. at 216; *Albino*, 747 F.3d at 1168-69.

**2.      Government Defendants**

Defendants next argue that the neither the City nor the NLVPD is a proper defendant in this case. (#22 at 2 and n.1) As to the NLVPD, defendants argue that it may not be sued as a separate entity apart from the City under state law, and thus, it is not a proper defendant. Defendants also claim that the City is not a proper defendant, but they do not identify why that is so.[3] The court ultimately agrees with defendants that the claims against NLVPD and the City should be dismissed, but it reaches that conclusion for a different reason as to the City.

---

[3] Here, defendants suggest that plaintiff named the City only in response to their argument, in the motion to dismiss, that he had failed to do so and thereby could not proceed due to Nevada's sovereign immunity statute. Although their characterization of the procedural history appears correct, the City's presence in this suit is simply the consequence of their prior misunderstanding of state and federal law. That plaintiff relied upon their mistaken contention that the City's

6

First, the NLVPD is not an entity that may be sued separately from the City. As courts in this district have repeatedly held, "'in the absence of statutory authorization, a department of the municipal government may not, in the department name, sue or be sued.'" *Marvik v. Washoe Cnty.*, No. 3:11-cv-00754-LRH-WGC, 2012 WL 2838700, at *5 (D. Nev. Apr. 17, 2012) (quoting *Wayment v. Holmes*, 112 Nev. 232, 238 (1996)); *see also Schneider v. Elko Cnty. Sherriff's Dep't*, 17 F. Supp. 2d 1162, 1165 (D. Nev. 1998); *Orth v. Balaam*, No. 3:06-cv-0481-LRH-RAM, 2011 WL 1561423, at *5 (D. Nev. Feb. 4, 2011); *Ward v. Nevada*, No. 3:09-cv-00007-RCJ-VPC, 2010 WL 1633461, at *3-4 (D. Nev. Feb. 26, 2010).

Second, the City is a proper defendant to this action, but the amended complaint fails to state sufficient facts to make the City's liability plausible. *Twombly*, 550 U.S. at 555. 42 U.S.C. § 1983 permits civil rights claims against "persons," and although the states and their arms are usually not persons for the purposes of the statute, municipalities are "persons" in § 1983 cases. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 690 (1978)). Nevertheless, a municipality may not be sued under § 1983 solely because its employees or agents violated the plaintiff's constitutional rights. *Long*, 442 F.3d at 1185. "Instead, it is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible." *Id*. In other words, the municipality is liable for its policy by which the violations occurred, rather than for the underlying actions through vicarious liability. *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992).

To state a so-called *Monell* claim against a municipality for "deliberate inaction" under the Eighth Amendment, the plaintiff must allege: "(1) that he [or she] possessed a constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation." *Miranda v. City of Cornelius,* 429 F.3d

---

absence was a deficiency is not, in itself, a proper basis for dismissing the claims. The court recommends dismissal of the claims for a different reason, but defense counsel are encouraged to exercise more care in their legal analysis and briefing as this litigation proceeds.

7

858, 868 (9th Cir. 2005) (quoting *Berry v. Baca,* 379 F.3d 764, 767 (9th Cir.2004); *Levine v. City of Alameda,* 525 F.3d 903, 907 (9th Cir. 2008).

In light of these requirements, it is plain that plaintiff has failed to state a *Monell* claim in his amended complaint.  He does not allege the existence of a City policy that amounts to deliberate indifference to his Eighth Amendment rights, and that such a policy is causally connected to the alleged indignities he faced.  Accordingly, he fails to state *Monell* claims against the City, and his claims against it should be dismissed.

## IV.   CONCLUSION

Plaintiff's motion for leave to amend should be granted so that he may proceed in this action against the properly named defendants under the counts discussed in the court's screening order (#3).  Because of the foregoing deficiencies in the new claims against the NLVPD and City, the court recommends that those claims be dismissed.  With respect to the City, the court recommends that plaintiff be given leave to amend, because his statement of additional facts may cure the deficiency.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,  the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion to amend (#18) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the amended complaint (#18-1);

**IT IS FURTHER RECOMMENDED** that defendants' motion to dismiss (#11) be **GRANTED AND DENIED IN PART**;

**IT IS FUTHER RECOMMENDED** that plaintiff's claims against the City of North Las Vegas be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND**;

**IT IS FUTHER RECOMMENDED** that plaintiff's claims against the North Las Vegas Metropolitan Police Department be **DISMISSED WITH PREJUDICE, WITHOUT LEAVE TO AMEND**;

**IT IS FURTHER RECOMMENDED** that plaintiff be provided **thirty (30) days** from the date of the District Court's order within which to file an amended complaint remedying, if possible, the defects identified above.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.  Plaintiff is advised that if he does not file an amended complaint within the specified time period, the Court will **DISMISS THE CLAIMS AGAINST THE CITY WITH PREJUDICE**.

**DATED**: June 10, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**